RECEIVED

MAR 29 2018

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT LOUISIANA

BY_____

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

## SHREVEPORT DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO.:** 5:18-cr-00084 |
| | * | |
| | * | 18 U.S.C. §§ 1349, 1343 |
| | * | 18 U.S.C. § 1956(h) |
| **VERSUS** | * | 18 U.S.C. § 1957 |
| | * | 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2) |
| | * | 18 U.S.C. § 982(a)(1) |
| | * | Chief |
| **GREGORY ALAN SMITH (01)** | * | **JUDGE** Hicks |
| **KIRBYJON H. CALDWELL (02)** | * | **MAGISTRATE JUDGE HORNSBY** |

## INDICTMENT

THE GRAND JURY CHARGES:

### COUNT ONE
18 U.S.C. § 1349
(Conspiracy to Commit Wire Fraud)

**AT ALL TIMES HEREIN RELEVANT:**

I.    BACKGROUND

A.    The Defendant, **GREGORY ALAN SMITH ("SMITH")**, was a Shreveport, Louisiana based financial planner who operated and managed Smith Financial Group, LLC.  **SMITH** represented himself to be an investment advisor.

B.    The Defendant, **KIRBYJON H. CALDWELL ("CALDWELL")**, was a pastor and businessperson based in Houston, Texas. **CALDWELL** was a member of LDT, LLC, ("LDT") a Wyoming limited liability company.

C.    Historical Chinese bonds ("the Bonds") were bonds issued by the former Republic of China prior to losing power to the Communist government in 1949. The

Bonds are not recognized by China's current government, the People's Republic of China, and accordingly are considered memorabilia with no investment value.

    D.    Amegy Bank of Texas account #9603 was the personal savings account of **KIRBYJON H. CALDWELL**.

    E.    Capital One N.A. account #0066 was a business checking account in the name of LDT, LLC with **KIRBYJON H. CALDWELL** as the signatory authority.

    F.    J.P. Morgan Chase Bank, N.A. account #6100 is a trust account which was controlled by a third party known to the Grand Jury.

## II.   THE CONSPIRACY

Beginning on or about January 1, 2013, and continuing until the present, in the Western District of Louisiana and elsewhere, the Defendants, **GREGORY ALAN SMITH** and **KIRBYJON H. CALDWELL**, and others known and unknown to the Grand Jury, did knowingly and intentionally conspire to violate Title 18, United States Code, Section 1343, namely, to knowingly devise a scheme and artifice to defraud investors and to obtain money and property, by means of materially false and fraudulent, pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to cause to be transmitted by means of wire communications in interstate commerce, writings, signs, signals, pictures and sounds.

III.   THE OBJECT OF THE CONSPIRACY

The object of the conspiracy was for the Defendants, **GREGORY ALAN SMITH** and **KIRBYJON H. CALDWELL**, to fraudulently obtain money from individual investors for their own use.

IV.   MANNER AND MEANS OF THE CONSPIRACY AND THE SCHEME AND ARTIFICE TO DEFRAUD

It was part of the conspiracy and the scheme and artifice to defraud that defendants, **GREGORY ALAN SMITH** and **KIRBYJON H. CALDWELL**, did work together to solicit individuals to invest in the Bonds. **SMITH** and **CALDWELL** would use their respective positions as an investment advisor and pastor in order to gain the trust of their victims. **SMITH** and **CALDWELL** solicited investments from these individuals, by purporting to offer the Bonds with high rates of returns. As part of the scheme, the defendants would represent to investors that **CALDWELL** had or was acquiring the Bonds and was brokering a deal to sell them for a large profit. Based upon these fraudulent misrepresentations, investors sent funds to **CALDWELL** and others known and known to the Grand Jury via wire transfer. However, after receiving investor funds, **SMITH, CALDWELL**, and others known and unknown to the Grand Jury, misappropriated those funds to pay personal loans and credit cards, purchase vehicles, pay mortgages, and for other personal expenses. After the investment was made, **SMITH** and **CALDWELL** called and sent emails to investors, in which they lulled the investors into leaving their money with them and continued to misrepresent authenticity of the bonds, that the transactions would still

occur, and the investors would receive their promised returns. **SMITH** and **CALDWELL** engaged investors as follows:

    A.    **SMITH** approached D.P. in 2014 to invest in the Bonds. **SMITH** was D.P.'s financial advisor. **SMITH** promised D.P. a return on investment of an amount representing 15 times his original investment within 30 to 60 days. Based on this and other false representations by **SMITH**, on April 8, 2014, P.P. invested $60,000 by wiring the funds to Capital One N.A. account #0066. Furthermore, based on the representations of **SMITH**, D.P.'s spouse, P.P., also invested $50,000 on April 8, 2014 by wiring the funds Capital One N.A. account #0066. On or about April 21, 2014, D.P. cashed an annuity and wired and additional $190,000 to Capital One N.A. account #0066.

    B.    **SMITH** approached J.G. in 2014 to invest in the Bonds. J.G. was informed that **CALDWELL**, a prominent Texas pastor and businessman, was putting together a deal with the Bonds. **SMITH** promised J.G. that if he invested $500,000 he would receive $3,000,000. As part of the transaction, J.G. was provided a "Participation Agreement" which outlined the terms of the investment. The "Participation Agreement" stated that **CALDWELL** "will have partial ownership in certain Phase 2 Chinese historical bonds" and J.G. was investing in "partial ownership of the Bonds." The document purported to be an agreement between J.G. and **CALDWELL**. Based on the false representations, on September 15, 2014, J.G. wired $500,000 to J.P. Morgan Chase Bank, N.A. account #6100, controlled by a third party known to the Grand Jury. Upon receipt of the funds, the third party sent the

money, via wire transfer, to **CALDWELL**, **SMITH,** and others known and unknown to the Grand Jury. After wiring the funds, J.G. attempted to get a refund of his investment. In doing so, J.G. spoke with **CALDWELL** who then offered to increase J.G.'s return to $4,500,000 if he did not seek a refund. In 2017, J.G. again attempted to get a refund of his money and had a telephone call with **CALDWELL** and **SMITH**. **CALDWELL** informed him that he did not have the money to return.

C. **SMITH** approached J.P. in early 2013 to invest in the Bonds with **CALDWELL**. **SMITH** promised J.P. that if he would invest $50,000, he would see a return on his investment of $3,000,000 within two weeks. J.P. was provided with a "Participation Agreement" between himself and **CALDWELL** that outlined the investment and return. Based on false representations, on April 15, 2013, J.P. wired $50,000 to Amegy Bank of Texas account #9603.

D. **SMITH** presented another opportunity to J.P. in June of 2013 to invest in the Bonds. **SMITH** told J.P. that if he would invest another $51,500, he would see an additional return on his investment of $3,150,000 within two weeks. Based on false representations of **SMITH**, on June 18, 2013, J.P. wired $51,500 to J.P. Morgan Chase Bank, N.A. account #6100, controlled by a third party known to the Grand Jury. The third party sent the money, via wire transfer, to **CALDWELL**, **SMITH,** and others known and unknown to the Grand Jury.

E. **SMITH** presented yet another opportunity to J.P. in August of 2014 to invest in the Bonds. **SMITH** told J.P. that if he would invest another $25,000, he would see an additional return on his investment of $125,000 within two weeks. J.P.

was provided with another "Participation Agreement" between himself and **CALDWELL** that outlined the investment and return. Based on false representations, on August 26, 2014, J.P. wired another $25,000 to J.P. Morgan Chase Bank, N.A. account #6100, controlled by a third party known to the Grand Jury. The third party sent the money, via wire transfer, to **CALDWELL**, **SMITH,** and others known and unknown to the Grand Jury. On July 2, 2015, J.P. emailed **CALDWELL** to request a refund of amounts invested. On September 2, 2015, J.P. emailed **CALDWELL** again to request a refund of amounts invested. In response, **CALDWELL** promised to refund the investment. On September 23, 2015, J.P. received a $25,000 wire transfer from the operating account of Windsor Village United Methodist Church, the church which **CALDWELL** serves as the pastor.

F.     **SMITH** and **CALDWELL** continued to represent to investors that the bonds were legitimate and the investors would receive their money. On March 28, 2016, **CALDWELL** sent a lulling email to investor R.C. in which he stated that an attorney on the bond transaction was "1000 percent (not 100percent) confident re the $ tomorrow." On January 3, 2018, **SMITH** forwarded an email from **CALDWELL** to investors, which stated "money will start moving this week" and "you will be satisfied financially."

All in violation of Title 18, United States Code, Section 1349 [18 U.S.C. § 1349]

COUNTS 2 - 7
18 U.S.C. § 1343
(Wire Fraud)

A.    The allegations in Count 1 are incorporated by reference as though fully set forth herein as the scheme and artifice to defraud.

B.    On or about the dates set forth below, in the Western District of Louisiana and elsewhere, the Defendants, **GREGORY ALAN SMITH** and **KIRBYJON H. CALDWELL**, and others known and unknown to the Grand Jury, devised and intended to devise a scheme to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing the scheme, caused to be transmitted by means of wire communication in interstate commerce, the signals and sounds described below for each count, to wit: an electronic transfer of funds from an investor bank account in Louisiana to the listed bank account in the Houston, Texas area:

| Count | Date of Transfer | Investor | Amount Electronically Transferred | Receiving Bank Account |
|---|---|---|---|---|
| 2 | 4/19/2013 | R.S. | $180,000 | Chase #6100 |
| 3 | 4/8/2014 | P.P. | $50,000 | Capital One N.A. #0066 |
| 4 | 4/8/2014 | R.C. & N.C. | $150,000 | Capital One N.A. #0066 |
| 5 | 4/21/2014 | D.P. | $190,000 | Capital One N.A. #0066 |
| 6 | 6/17/2014 | M.M. | $125,000 | Chase #6100 |
| 7 | 8/26/2014 | J.P. | $25,000 | Chase #6100 |

All in violation of Title 18, United States Code, Sections 1343 and 2.  [18 U.S.C. § 1343 & 2].

## COUNT 8
18 U.S.C. § 1956(h)
(Conspiracy to Commit Money Laundering)

A.    The allegations in Counts 1 - 7 are incorporated by reference as though fully set forth herein.

B.    From on or about January 1, 2013 through December 31, 2015, in the Western District of Louisiana and elsewhere, the defendants, **GREGORY ALAN SMITH** and **KIRBYJON H. CALDWELL,** did knowingly combine, conspire, and agree with each other and with other persons known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Sections 1956(h) and 1957, to wit: to knowingly engage and attempt to engage, in monetary transactions by, through or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from specified unlawful activity, that is, the proceeds of conspiracy to commit wire fraud and wire fraud, in violation of Title 18, United States Code, Section 1957

All in violation of Title 18, United States Code, Section 1956(h).  [18 U.S.C. § 1956(h)].

## COUNTS 9 - 11
18 U.S.C. § 1957
(Money Laundering)

On or about the dates set forth below, in the Western District of Louisiana, and elsewhere, the defendants **GREGORY ALAN SMITH** and **KIRBYJON H. CALDWELL,** did knowingly engage and attempt to engage in the following monetary transaction by through or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, that is, by transferring or causing to be transferred, from Capital One N.A. account (ending in 0066), controlled by **CALDWELL**, into the below listed accounts of **GREGORY ALAN SMITH,** such property having been derived from a specified unlawful activity, that is, conspiracy to commit wire fraud and wire fraud, as alleged in Counts 1 through 7:

| Count | Date | Monetary Transaction | Receiving Account |
|---|---|---|---|
| 9 | April 15, 2014 | $50,000 | Community Bank of Louisiana (#0200) |
| 10 | April 15, 2014 | $50,000 | Regions Bank (#3972) |
| 11 | April 24, 2014 | $62,500 | Community Bank of Louisiana (#0200) |

All in violation of Title 18, United States Code, Sections 1957 and 2.  [18 U.S.C. §§ 1957 and 2].

## COUNT 12
18 U.S.C. § 1957
(Money Laundering)

On or about January 22, 2014, in the Western District of Louisiana, and elsewhere, the defendant **GREGORY ALAN SMITH,** did knowingly engage and attempt to engage in the following monetary transaction by through or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, that is, did issue or cause to be issued, check number 5091, drawn on the Regions Bank account (ending in 3972), and made payable to Holmes European Motors, located in Shreveport, Louisiana, in the amount of $111,356.05, for the purchase of a 2014 Range Rover Sport HSE, such property having been derived from specified unlawful activity, that is, conspiracy to commit wire fraud and wire fraud, as alleged in Counts 1 through 7.

All in violation of Title 18, United States Code, Section 1957).  [18 U.S.C. § 1957].

## COUNT 13
18 U.S.C. § 1957
(Money Laundering)

On of about September 18, 2014, in the Western District of Louisiana, and elsewhere, the defendant **KIRBYJON H. CALDWELL,** did knowingly engage and attempt to engage in the following monetary transaction by through or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, that is, did engage in a monetary transaction, by causing an electronic payment to be made in the amount of $64,979.52 from

CALDWELL's Amegy account (ending in 9603) to pay off **CALDWELL's** personal Amegy Signature Line of Credit (ending in 7384), such property having been derived from a specified unlawful activity, that is, conspiracy to commit wire fraud and wire fraud, as alleged in Counts 1 through 7.

All in violation of Title 18, United States Code, Section 1957).  [18 U.S.C. § 1957].

## FORFEITURE ALLEGATION

A.   The allegations in Counts 1 - 13 of this Indictment are re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 982(a)(2), 982(a)(1), 981(a)(1)(C), and Title 28, United States Code, Section 2461(c)

B.   Upon conviction of an offense set forth in Counts 1 – 7, in violation of Title 18, United States Code, Sections 1343, 1349, the defendants, **KIRBYJON H. CALDWELL** and **GREGORY ALAN SMITH**, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Sections 982(a)(2) and 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, constituting or derived from proceeds the Defendants obtained directly or indirectly as the result of said violations as set forth in this Indictment, including, but not limited to, the following:

### 1. KIRBYJON H. CALDWELL

Real property located at 211 Heritage Oaks Lane, Houston, Texas 77024, including all improvements thereon and appurtenances thereto, and described as follows: LOT THREE (3), OF HERITAGE OAKS, AN ADDITION IN HARRIS COUNTY,

TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 123, PAGE 21, OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS; and

## 2. GREGORY ALAN SMITH

Real property located at 9946 Burgundy Oaks Drive, Shreveport, Louisiana 71118, including all improvements thereon and appurtenances thereto, and described as follows: LOTS 113 & 114, BURGUNDY OAKS SUBDIVISION, UNIT NO. 10.

C.      Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of an offense in violation of Title 18, United States Code, Sections 1956 and 1957, as alleged in Counts 8 - 13, the defendants, **KIRBYJON H. CALDWELL** and **GREGORY ALAN SMITH**, shall forfeit to the United States of America all right, title, and interest in any and all property involved in each offense in violation of Title 18, United States Code, Sections 1957, or conspiracy to commit such offense, for which the defendant is convicted, and all property traceable to such property, includes, but is not limited to, the real property identified in paragraph B.

D.      If any of the property described above, as a result of any act or omission of the Defendant:

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third party;

      c.      has been placed beyond the jurisdiction of the Court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1) and 981(b)(1) and Title 28, United States Code, Section 2461(c).

All pursuant to 18 U.S.C. §§ 981 and 982, 21 U.S.C. § 853, and 28 U.S.C. § 2461(c).

A TRUE BILL:

*REDACTED*

_____
GRAND JURY FOREPERSON

ALEXANDER C. VAN HOOK
United States Attorney

By: _____
SETH D. REEG, LA Bar No. 34184
Assistant United States Attorney

DAVID C. JOSEPH, LA Bar No. 28634
Assistant United States Attorney
300 Fannin Street, Suite 3201
Shreveport, LA 71101
(318) 676-3600 – office
(318) 676-3663 – fax