# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO.: 5:18-cr-00084 |
| | * | |
| | * | 18 U.S.C. §§ 1349, 1343 |
| | * | 18 U.S.C. § 1956(h) |
| VERSUS | * | 18 U.S.C. § 1957 |
| | * | 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2) |
| | * | 18 U.S.C. § 982(a)(1) |
| | * | |
| GREGORY ALAN SMITH (01) | * | CHIEF JUDGE HICKS |
| KIRBYJON H. CALDWELL (02) | * | MAGISTRATE JUDGE HORNSBY |

## GOVERNMENT'S MOTION FOR PROTECTIVE ORDER
### REGARDING SENSITIVE INFORMATION

The United States, through undersigned counsel, respectfully moves the Court, pursuant to Rules 16(d)(1) of the Federal Rules of Criminal Procedure, to enter an order prohibiting the unauthorized disclosure of certain discovery material or information contained therein to non-litigants.  In support of this motion, the Government states as follows:

1.

On January 25, 2018, a federal grand jury sitting in the Western District of Louisiana returned a thirteen count indictment charging the above captioned defendants with violations of Title 18, United States Code, including wire fraud, money laundering, and conspiracy.

2.

Prior to trial, the government will be providing to the defendants a

significant amount of discovery materials.  Some of the items to be produced in this case contain, among other things, personally identifiable information; private financial information of individuals, including the defendants and victims; other private information, including social security numbers, addresses, and birth dates; and/or confidential tax returns and taxpayer return information within the meaning of Title 26, United States Code, Section 6103(b). The discovery materials will include the personally identifiable information of both victims of fraud and individuals whose identities were fraudulently used.

3.

Discovery in this case is voluminous, and confidential and sensitive information of the type described above is dispersed throughout it. Accordingly, although, as a general matter, this type of information can be manually redacted, the Government seeks to make such materials subject to a protective order to avoid slowing the discovery process by requiring the Government to employ what would be a protracted redaction process for the discovery productions.  Discovery materials can be produced in a timelier manner if the Government is not required to undertake time-consuming redactions and is not required to analyze whether each item produced should be subject to the protective order.  Placing the confidential personal information of third parties under a protective order puts the Government and defendants in equal positions, both having full and open access to the same information.

4.

This Court possesses the express authority to enter protective orders to handle all matters of a private or sensitive nature.  Fed. R. Crim. P. 16(d) (discovery protective orders); 49.1(e) (protective orders concerning matters of privacy and personal information).  Specifically, Rule 16(d)(1) permits courts to enter protective orders that deny, restrict, or defer discovery or inspection, or grant other appropriate relief for good cause.  *Id.*  Furthermore, "the trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969)

5.

Disclosure of tax return and taxpayer return information is governed by Title 26 United States Code, Section 6103(a), which mandates that return and return information will be confidential except as authorized by Section 6103.  Section 6103(h)(4)(D) permits disclosure to the defense of such tax return and taxpayer return information in accord with Rule 16 of the Federal Rules of Criminal Procedure and Title 18, United States Code, Section 3500, but further disclosure of this tax return and taxpayer return information by defendant or her attorneys is restricted by Section 6103.

6.

The Government is following the requirements of Rule 16, and will follow

the requirements of Title 18, United States Code, Section 3500.  The Government asks the Court to ensure that the defendants are informed about the limitations of Federal Rule of Criminal Procedure 6(e), regarding grand jury records and transcripts, and Title 26, United States Code, Section 6103(a), regarding tax returns and taxpayer return information, and the appropriate legal purposes for which certain discovery may be used.

7.

The Government believes that because of the volume and nature of the discovery in this case, it is appropriate for the Court to enter a Protective Order containing the following provisions (when the term "defendant" is used, said term encompasses an attorney for the defendant):

a.      Many of the materials to be provided as discovery (hereinafter discovery materials), such as internal records of a witness's or defendant's business, bank records, tax returns, and any documents and tangible objects provided by the government other than trial exhibits (i.e., items actually admitted during the trial and made part of the record), are not public information.

b.      Accordingly, these discovery materials and all copies thereof should be protected from unnecessary dissemination.  Such discovery materials provided by the United States should be utilized by the defendant solely in connection with the defense of this case and for no other purpose and in connection with no other proceeding.

c.      Such discovery materials and their contents, and any notes or other

record of such materials or their contents, should not be disclosed either directly or indirectly to any person or entity other than a defendant, defendant's counsel, persons employed to assist in the defense, individuals who are interviewed as potential witnesses in the case, or such other persons as to whom the Court may authorize disclosure.

      d.     Such discovery materials should not be copied or reproduced except as necessary to provide copies of the material for use by an authorized person as described above to prepare or assist in the defense, and all such copies and reproductions will be treated in the same manner as the original matter.

      e.     The Defendants' counsels should inform the defendants of the provisions of the Protective Order, and direct them not to disclose or use any information contained in the Government's discovery in violation of the Protective Order.  However, nothing contained in the Protective Order will preclude any party from applying to the Court for further relief or for modification of any provision hereof.

Respectfully submitted,

DAVID C. JOSEPH
United States Attorney

By: /s/ *Seth D. Reeg*
**SETH D. REEG** (LA Bar #34184)
Assistant United States Attorney
300 Fannin St., Ste. 3201
Shreveport, LA 71101
(318) 676-3600 – Phone
(318) 676-3663 – Fax

CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2018, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to counsel for the defendant by operation of the court's electronic filing system.

By: /s/  Seth D. Reeg
**SETH D. REEG** (LA Bar #34184)
Assistant United States Attorney
300 Fannin St., Ste. 3201
Shreveport, LA 71101
(318) 676-3600 – Phone
(318) 676-3663 – Fax