## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

UNITED STATES OF AMERICA                   CRIMINAL ACTION NO. 18-00084-02

VERSUS                                     JUDGE S. MAURICE HICKS, JR.

KIRBYJON H. CALDWELL (02)                  MAGISTRATE JUDGE HORNSBY

### MEMORANDUM RULING

Before the Court is Petitioner Kirbyjon Caldwell's ("Caldwell") Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A).  See Record Document 159. The Government has opposed Caldwell's motion.  See Record Document 164.  Caldwell replied.  See Record Document 166.  For the reasons set forth below, Caldwell's Motion for Compassionate Release is hereby **DENIED**.

### BACKGROUND

On March 11, 2020, Caldwell pled guilty to one count of wire fraud conspiracy. See Record Documents 91, 93, & 94.  On January 13, 2021, the Court sentenced Caldwell to 72 months imprisonment.  See Record Documents 130, 134-135.  According to the written factual basis and the Presentence Investigation Report ("PSR"), Caldwell and his co-defendant, Gregory Alan Smith ("Smith"), approached individuals in the northwest Louisiana area to entice them to invest in Chinese bonds.  See Record Documents 93-2, 109 (PSR) at ¶¶ 9-24.  The bonds had no investment value outside of the memorabilia market.  See id.  Once Caldwell received the investment funds, he would split the money between himself, Smith, and others.  See id.  Caldwell used approximately $900,000 to pay down personal debts and maintain his lifestyle.  See id.  Roughly twenty-

six victims were defrauded out of $3.5 million as part of Caldwell and Smith's scheme to defraud.  See Record Document 109 (PSR) at ¶ 29.

Caldwell is currently incarcerated at Beaumont Low FCI.  His projected release date is July 31, 2026.

## LAW AND ANALYSIS

Caldwell seeks compassionate release "due to COVID-19's potentially deadly impact on [him] given his constellation of serious, preexisting medical issues."  Record Document 159 at 1.  He argues that the recent emergence of the delta variant makes COVID-19 even more of a lethal threat.  See id.  More specifically, Caldwell notes that he is currently living with prostate cancer, has suffered a stroke in November 2014, has cardiovascular disease, has hypertension, and is blind in his right eye due to hemorrhage and retinal detachment in 2018.  See Record Document 159-1 at 10; see also Record Document 109 (PSR) at ¶ 69.[1]  He also remains unvaccinated based upon the recommendations of his oncologist and primary care physician.  See id. at 11.  Caldwell maintains that the COVID-19 pandemic coupled with his health concerns constitute extraordinary and compelling reasons warranting compassionate release.  See id. at 19-24.  He further believes that Section 3553(a) factors support his request for compassionate release.  See id. at 24-29.  In conclusion, Caldwell asks the Court to reduce his sentence to time served and, if necessary, impose special conditions upon his supervised release, including home confinement.  See id. at 29-33.

---

[1] All of Caldwell's medical conditions predate his incarceration.  The Court was also aware of all of the medical conditions when Caldwell was sentenced in January 2021.

A judgment of conviction, including a sentence of imprisonment, "constitutes a final judgment and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824, 130 S.Ct. 2683, 2690 (2010).  Title 18, United States Code, Section 3582(c) provides that the Court "may not modify a term of imprisonment once it has been imposed," except in three circumstances:

(1)    upon a motion by the Bureau of Prisons or the defendant for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A);

(2)    "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); or

(3)    where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

In this case, Caldwell moves to modify his sentence pursuant 18 U.S.C. § 3582(c)(1)(A). Under this section, the Court may reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Prior to 2018, only the Director of the BOP could file Section 3582(c)(1)(A) motions, also known as compassionate release motions. In 2018, Congress passed, and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, Section 3852(c)(1)(A) now allows prisoners to directly petition courts for compassionate release. However, before filing compassionate release motions, prisoners must exhaust their administrative remedies in one of two ways:

(1)    prisoners may file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or

3

(2)    prisoners may file a motion with the court after requesting release and there has been "the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier."

18 U.S.C. § 3582(c)(1)(A).   There is no dispute that Caldwell has exhausted his administrative remedies and the Court will proceed to the merits.

Subject to considerations of 18 U.S.C. § 3553(a), Section 3582(c)(1)(A) permits a reduction in Caldwell's term of imprisonment if the Court determines that extraordinary and compelling reasons warrant a reduction. The reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).  Previously, a district court was confined to the policy statements set forth in U.S.S.G. § 1B1.13 to determine whether a compelling reason existed to grant release. However, the Court of Appeals for the Fifth Circuit recently vacated this restricted examination finding that the policy statements contained under U.S.S.G. § 1B1.13 are only binding on the Court when the motion for compassionate release is brought on the prisoner's behalf by the BOP.  See U.S. v. Shkambi, No. 20-40543, 2021 WL 1291609, at *3 (5th Cir. 04/07/2021).

The Fifth Circuit instructed that a district court considering a motion for compassionate release brought by the prisoner himself "is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." Id. at *4.  Shkambi did not, however, render § 1B1.13 irrelevant with respect to defendant-filed motions under Section 3582(c)(1)(A), as the Fifth Circuit has long recognized that although not dispositive, the commentary to § 1B1.13 informs the district court's analysis as to what reasons may be sufficiently extraordinary and compelling to necessitate compassionate release.  See U.S. v. Robinson, No. 3:18-CR-00228-01, 2021 WL 1723542 (W.D. La.

4

04/30/2021), citing U.S. v. Thompson, 984 F.3d 431, 433 (5th Cir. 2021).  While not binding, § 1B1.13 suggests that the following are deemed extraordinary and compelling reasons warranting a sentence reduction: (1) the defendant's medical conditions; (2) the defendant's age; (3) family circumstances; or (4) other reasons.  See U.S.S.G. § 1B1.13, cmt. n.1; see also Thompson, 984 F.3d at 433.

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release."  U.S. v. Stowe, No. H-11-803(1), 2019 WL 4673725 at *2 (S.D. Tex. Sept. 25, 2019); see also U.S. v. Ennis, No. EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release."); U.S. v. Wright, No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute.").  In certain instances, the COVID-19 outbreak may affect whether an inmate can show extraordinary and compelling reasons warranting compassionate release under Section 3582(c)(1)(A)(i).  If an inmate has a chronic medical condition that has been identified by the Centers for Disease Control ("CDC") as elevating the inmate's risk of becoming seriously ill from COVID-19, that condition, in light of the pandemic, may rise to the level of "extraordinary and compelling reasons" under Section 3582(c)(1)(a). In other words, some conditions that would not have previously constituted an "extraordinary and compelling reason" now fall into this category because of the risk of COVID-19.

As stated previously, Caldwell cites prostate cancer, a previous stroke, cardiovascular disease, hypertension, blindness, and his vaccination status as the

grounds for compassionate release.  The Government conceded Caldwell has at least one health condition – a history of prostate cancer – recognized by the CDC as a COVID-19 risk factor, thus comprising an "extraordinary and compelling reason" as that term is defined for purposes of 18 U.S.C. § 3582(c)(1)(A).  See Record Document 164 at 10. Notwithstanding, this Court does not believe granting compassionate release in this case would comport with the factors enumerated in Section 3553(a).  See 18 U.S.C. § 3582(c)(1)(A).

The nature and circumstances of Caldwell's offense and his characteristics disfavor release.  Caldwell has served slightly over four months of his seventy-two month sentence.  The offense of conviction in this matter involved a scheme to defraud over two dozen investors out of millions of dollars by offering worthless investments in Chinese bonds.  At the time of sentencing, the undersigned read victim impact statements and heard compelling testimony from one victim at sentencing that outlined the lasting harm caused by Caldwell's criminal conduct.  See Record Document 137 (Sentencing Transcript).  While restitution was made, the victim spoke of the anguish, betrayal, anxiety, and sleepless nights of "trusting people" caused by Caldwell. Id. at 44.  Thus, to release Caldwell at this time would not constitute "just punishment" under Section 3553(a)(2)(A).

A reduced sentence in this matter would also cause disparity with respect to defendants with similar criminal records who engaged in similar criminal conduct.  See 18 U.S.C. § 3553(a)(6).  Co-defendant Smith, who also received a seventy-two month sentence, sought compassionate release from this Court.  The Court denied such motion, noting Smith had not shown that the BOP could not adequately treat his medical

conditions and that reducing Smith's sentence would not comport with Section 3553(a) factors.  Like its finding in the Smith matter, this Court believes that a reduced sentence for Caldwell would not be just punishment, would not reflect the seriousness of the offense, would not promote respect for the law, would not afford adequate deterrence to criminal conduct, and would not protect the public from further crimes of this Defendant.

## CONCLUSION

Based on the foregoing reasons, Caldwell's Motion for Compassionate Release (Record Document 159) be and is hereby **DENIED**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 8th day of November, 2021.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT